**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | : | |
| **Ronald Lewis Madden,** | | Case No. 17-52333 |
| | : | Chapter 12 |
| Debtor. | : | Judge Caldwell |

### MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION

Now comes Ronald Lewis Madden, Debtor in Possession ("Debtor"), by and through counsel, and requests this Court, pursuant to 11 U.S.C. §363(b), §363(c)(2), and §363(c)(3), for authority to use cash collateral consisting of the proceeds from the sale of crops in the field not yet harvested and those already harvested by Debtor that are on-hand for sale, subject to a security interest of Community Bank, on grounds that the cash collateral is necessary for the Debtor to continue his business operations as Ron Madden Farm, LLC, in order to fund the Chapter 12 Plan of Reorganization. Debtor has provided adequate protection to the secured creditor, as more fully set forth in the Memorandum in Support, below.

Respectfully submitted,

 /s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
720 Market Street
Zanesville, Ohio 43701
Telephone: (740) 452-8439
Facsimile: (740) 450-8499
mail@ZellarLaw.com
Counsel for Debtor

## **MEMORANDUM IN SUPPORT**

This is a contested matter under Federal Rule of Bankruptcy Procedure 9014. On April 14, 2017, Debtor filed his Petition for Reorganization under Chapter 12 and has continued in possession of his property and has continued to operate his business as Debtor in Possession pursuant to 11 U.S.C. §1108. Debtor is engaged in the business of operating Ron Madden Farm, LLC. Debtor's farming operations include the raising of straw, wheat, rye, hay, and corn. Community Bank holds a security interest in Debtor's 2016 crops, in the field yet to be harvested, as well as in storage for re-sale. Debtor has valued the security interest of Community Bank related to the crops by calculating the estimated sale price of the collateral at auction, based on current market prices and conditions. Debtor has filed a Chapter 12 Plan of Reorganization and, needs to utilize the cash collateral secured by Community Bank from the 2016 crop year to produce and harvest his 2017 crops, in order to fund the Chapter 12 Plan of Reorganization.

Debtor has no alternative borrowing source at present and, to remain in business, operating Ron Madden Farm, LLC, must be permitted to sell the harvested crops for cash and to harvest and sell the additional crops in the field and retain the proceeds of same, in order to purchase seed, fertilizer, and chemicals for the 2017 crops, and pay the day-to-day operating expenses associated with the conducting of farming operations by Ron Madden Farms, LLC, to generate income to fund the plan. If the Debtor is not authorized to retain the cash collateral from the sale of the crops, Debtor's farming operations will cease since Debtor cannot purchase the necessary seed, fertilizer, or other chemicals necessary to conduct farming operations for the 2017 crop year and thereafter. The crops produced by Debtor are the Debtor's only source of income from the farming operations. Absent the retention of such collateral, Debtor may be forced to cease operations and will not be able to fund the Chapter 12 Plan of reorganization.

Debtor's Chapter 12 Plan provides adequate protection to the Community Bank for their security interest, by providing for retention of their security interest as a lien on the 2016 crops in Debtor's possession. In addition to lien retention, Debtor has provided for periodic payments to Community Bank throughout the life of the plan through the Trustee, and full payment of the secured claim of Community Bank, in accordance with 11 U.S.C. §506, in the Plan. Such payments will adequately protect the interest of Community Bank in the cash collateral during the pendency of the Plan until full payment of the allowed and determined secured claim of the Community Bank. Community Bank has not yet consented to use of the cash collateral.

WHEREFORE, your Debtor respectfully requests this Court authorize his retention and use of the cash collateral consisting of proceeds from the sale of the Debtor's 2016 crops harvested and in the field, subject to the security interest of Community Bank, in order that Debtor may remain in business and continue with the operations of Ron Madden Farm, LLC, which is the source of funding of the Chapter 12 Plan of reorganization filed by the Debtor.

Respectfully submitted,

/s/ Crystal I. Zellar
Crystal I. Zellar  (#0038785)
Shelley E. Hibburt  (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtor

## NOTICE AND CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Motion for Authority to Use Cash Collateral** was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on **May 11, 2017,** addressed to:

Ronald Madden
7999 Norfield Road
Zanesville, Ohio 43701

The Community Bank
113 N Fifth St
Zanesville  OH  43701

*as and for NOTICE* that the attached request for relief would be filed.  The undersigned will present to the Court a proposed order granting the relief sought, unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for hearing is filed with the Court and served on the undersigned.

/s/ Crystal I. Zellar
Crystal I. Zellar  (#0038785)
Shelley E. Hibburt  (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In Re:                                                       :
    **Ronald Lewis Madden,**                         Case No. 17-52333
                                                      :    Chapter 12

    Debtor.                                          :    Judge Caldwell

**NOTICE OF FILING OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

    The Debtor has filed papers with the Court to obtain authority to use cash collateral.

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

    If you do not want the Court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by ordinary U.S. Mail to: US Bankruptcy Court, Clerk's Office, 170 North High Street, Columbus, Ohio 43215, OR, your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) ordinary U.S. Mail to:
    US Trustee - ustpregion09.cb.ecf@usdoj.gov
    Chapter 13 Trustee - trustee@ch13.org
    Crystal I. Zellar, Esq. & Shelley E. Hibburt, Esq. - mail@zellarlaw.com;
    Ronald Madden, 7999 Norfield Road, Zanesville, Ohio 43701

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.

Date: May 11, 2017

                                                    /s/ Crystal I. Zellar
                                                  Crystal I. Zellar (#0038785)
                                                  Shelley E. Hibburt (#0091736)
                                                  **Zellar & Zellar, Attorneys at Law, Inc.**
                                                  720 Market Street
                                                  Zanesville, Ohio 43701
                                                  Telephone: (740) 452-8439
                                                  Facsimile: (740) 450-8499
                                                  mail@ZellarLaw.com
                                                  Counsel for Debtor