**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | : | |
| **Ronald Lewis Madden,** | | Case No. 17-52333 |
| | : | Chapter 12 |
| Debtor. | : | Judge Caldwell |

**DEBTOR'S MOTION REQUESTING VALUATION**
**OF SECURITY INTEREST OF COMMUNITY BANK**

Now comes Debtor in possession, Ronald L. Madden, by and through counsel, and requests a determination as to valuation of the security interest of Community Bank in the assets of the Debtor's Estate, pursuant to 11 U.S.C. §506(a) and (d), Bankruptcy Rule 3012, and 11 U.S.C. §522(b). Debtor requests the Court determine the value of the security interest of Community Bank in the Debtor's assets according to the existing loan agreements between Debtor and Community Bank. Debtor further seeks proper reductions in the security interest for cost of production, and the limitation of the security interest on post-petition assets of the Debtor's Estate, and release of the liens upon discharge, as more fully set forth in the Memorandum in Support, below.

Respectfully submitted,

 /s/  Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt  (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
720 Market Street
Zanesville, Ohio  43701
Telephone:  (740) 452-8439
Facsimile:  (740) 450-8499
mail@ZellarLaw.com
Counsel for Debtor

## **MEMORANDUM IN SUPPORT**

Debtor in possession filed for relief under Chapter 12 on April 14, 2017. Community Bank is a secured lienholder on the Debtor's residence by virtue of a first mortgage of record in Volume 2453, Page 325 of the Muskingum County Mortgage Records, in the original amount of Four Hundred Twenty-two Thousand Two Hundred Sixty-three and 40/100ths Dollars ($422,263.40), and a current balance due of Three Hundred Ninety Thousand Two Hundred Thirty and 53/100ths Dollars ($390,230.53). Community Bank is also the holder of a second mortgage lien on the Debtor's property, of record in Volume 2453, Page 331 of the Muskingum County Official Records, in the original amount of Five Hundred Thirty-two Thousand and 00/100ths Dollars ($532,000.00), and a current balance due of Seven Hundred Forty-nine Thousand Eight Hundred Thirty-one and 98/100ths Dollars ($749,831.98). Community Bank, in their Objection to Confirmation of the Plan, asserts that they are the holder of a first mortgage lien in the amount of Seven Hundred Fifty-seven Thousand Seven Hundred Thirty-two and 00/100ths Dollars ($757,732.00) and a second mortgage in the amount of Four Hundred Two Thousand Four Hundred Seventy-six and 00/100ths Dollars ($402,476.00). However, Community's Objection has the liens in reverse order, and the claims have been filed for different amounts.

The second mortgage of Community Bank, with a claimed balance due of Seven Hundred Forty-nine Thousand Eight Hundred Thirty-one and 98/100ths Dollars ($749,831.98), is secured by Debtor's real estate and also by the Debtor's "equipment, crops in the field and harvested, and certain other assets owned by the Debtor." There is an additional promissory note held by Community Loan purportedly secured by a mortgage and a UCC 1 fixture filing. However, despite the bank's claim of being secured by a mortgage and the Debtor's equipment, the UCC only covers crops, livestock, and supplies. The liens exceed the total value of the Debtor's assets, and Debtor is entitled to a write down and a reduction of the secured claims under 11 U.S.C. §506(a) and (d). Said real property and personal property was and is in possession of Debtor, who intends to retain same under the Chapter 12 Plan of reorganization and utilize the assets and equipment to operate the farm funding the Plan.

Pursuant to 11 U.S.C. §506(a) and (d), Bankruptcy Rule 3012, and 11 U.S.C. §552(a)(b), the Debtor has a right to request the Court limit the Creditor's security interest in pre-petition and post-petition collateral. Specifically, Debtor seeks the Court's determination of the value of Community Bank's security interest in the Debtor's crops and equipment and in the Debtor's real

estate for payment and release of the lien on discharge. After the determination of the secured claim of Community Bank, Debtor seeks a reduction in the claim related to the reasonable and necessary costs and expenses of producing and disposing of the collateral to the extent of the benefit to Community Bank. Debtor seeks authorization of the deduction of reasonable costs and expenses of planting, raising, and producing the crops from the value of Community Bank's secured claim, as the lienholder is benefited by the Debtor's efforts in producing such collateral for the Creditor's benefit.

Debtor and Creditor have been working diligently in an effort to resolve the issues between them. Debtor owns an extensive amount of collateral and has discovered inadvertently that certain items were omitted from his original Schedules as a result of the appraiser deeming them of no resale value, and excluding them from the list of equipment. Debtor is obtaining appraisals of the inadvertently omitted pieces of equipment that are secured by Community Bank. Debtor intends to amend the Schedules and increase the secured claim of Community Bank to the extent of the additional collateral omitted. Debtor and Creditor are working together in an effort to resolve these issues and to come to an agreement on the valuation of the Creditor's security interest in the collateral in question, specifically related to the Debtor's crops and equipment. Since Debtor's real estate is also collateral for the loans, Debtor also seeks valuation of the security interest of Community Bank in the Debtor's real estate.

The Debtor in possession is entitled to recover reasonable costs incurred in planting, enhancing, harvesting, and marketing crops, including labor expenses, equipment use, and material used in harvesting said crops for the benefit of the Creditor under 11 U.S.C §522(b). *In Re: Matter of Vanasdale*, 71 B.R. 270 (Bkr. N.D. Ohio, 1987). Moreover, since the Creditor's security interest is limited to pre-petition collateral related to pre-petition planning as opposed to post-petition collateral, Debtor seeks the Court's limitation of the Creditor's security interest in post-petition crops from post-petition harvest. Should the Court determine that Community Bank holds a lien on the Debtor's post-petition crops, Debtor seeks a limitation in the security interest and a reduction in the value of the secured claim related to the Debtor's operational costs in producing the collateral for the benefit of Creditor. Debtor has also filed a Motion to Use Cash Collateral concerning the cash collateral from the proceeds of the 2016 harvest, which is the subject of a separate Motion. Moreover, pursuant to 11 U.S.C. §552(b)(1), the Court may limit the security interest in Debtor's post-petition crops and harvest, and the Court may limit such a security interest in the interests of equity.

WHEREFORE, your Debtor in possession respectfully requests this Court issue an Order valuing and limiting the security interest of Community Bank in the Debtor's real estate, pre and post-petition crops, and equipment, that are assets of the Estate secured by Community Bank. Debtor further seeks a limitation or reduction in the secured claim of Community Bank related to the costs and expenses of the production of the collateral in which Community Bank holds a security interest. Debtor seeks after such a determination that the claim be paid pursuant to the Plan of reorganization as filed in this case, that any unsecured deficiency also be paid pursuant to the Plan, the liens be released and canceled upon discharge, and for any other relief deemed necessary and proper.

Respectfully submitted,

/s/ Crystal I. Zellar
Crystal I. Zellar  (#0038785)
Shelley E. Hibburt  (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtor

## NOTICE AND CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Debtor's Motion Requesting Valuation of Security Interest of Community Bank** was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on **June 15, 2017,** addressed to:

Ronald Madden
7999 Norfield Rd
Zanesville  OH  43701

The Community Bank
113 N Fifth St
Zanesville  OH  43701

*as and for NOTICE* that the attached request for relief would be filed. The undersigned will present to the Court a proposed order granting the relief sought, unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for hearing is filed with the Court and served on the undersigned.

/s/ Crystal I. Zellar
Crystal I. Zellar  (#0038785)
Shelley E. Hibburt  (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In Re:                                                           :
    **Ronald Lewis Madden,**                             Case No. 17-52333
                                                     :    Chapter 12

    Debtor.                                          :    Judge Caldwell

**NOTICE OF FILING OF DEBTOR'S MOTION REQUESTING**
**VALUATION OF SECURITY INTEREST OF COMMUNITY BANK**

    The Debtor has filed papers with the Court to obtain valuation of security interest.

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

    If you do not want the Court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by ordinary U.S. Mail to: US Bankruptcy Court, Clerk's Office, 170 North High Street, Columbus, Ohio 43215, OR, your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) ordinary U.S. Mail to:
    US Trustee - ustpregion09.cb.ecf@usdoj.gov
    Chapter 13 Trustee - trustee@ch13.org
    Crystal I. Zellar, Esq. & Shelley E. Hibburt, Esq. - mail@zellarlaw.com;
    Ronald Madden, 7999 Norfield Road, Zanesville, Ohio 43701

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.

Date:  June 15, 2017

                                                    /s/  Crystal I. Zellar
                                                  Crystal I. Zellar (#0038785)
                                                  Shelley E. Hibburt  (#0091736)
                                                  **Zellar & Zellar, Attorneys at Law, Inc.**
                                                  720 Market Street
                                                  Zanesville, Ohio  43701
                                                  Telephone:  (740) 452-8439
                                                  Facsimile:  (740) 450-8499
                                                  mail@ZellarLaw.com
                                                  Counsel for Debtor