**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In Re:

| | | |
|---|---|---|
| **Ronald Lewis Madden**, | : | Case No. 17-52333 |
| | : | Chapter 12 |
| | : | |
| Debtor. | : | Judge Caldwell |

## THIRD AMENDED CHAPTER 12 PLAN OF REORGANIZATION

The Debtor in this case is Ronald Lewis Madden, a farmer as defined by the United States Bankruptcy Code, and proposes the following Chapter 12 Plan of Reorganization pursuant to 11 U.S.C. §1221 and other pertinent sections of the United States Bankruptcy Code.

## ARTICLE I
## DEFINITIONS

1. The "Debtor in Possession" in this Chapter 12 case shall be Ronald Lewis Madden.
2. Any reference to "Chapter 12" shall mean 11 U.S.C. Chapter 12 of the United States Bankruptcy Code.
3. "Reorganization" shall mean the effort undertaken by this plan to reorganize the assets and debts of this debtor pursuant to the commencement of a Chapter 12 petition and action under the authority of the United States Bankruptcy Code.
4. Any reference to "Plan" shall refer to this Plan of Reorganization, and any amendments thereto.
5. "Confirmation of Plan" shall mean the entry by which the Court confirms the Plan of Reorganization entered by this debtor an approved by the Court.
6. The "effective date" shall mean the date by which the Order of Confirmation becomes final and non-appealable.
7. Any reference to "the Court" in this case shall mean the United States Bankruptcy Court, for the Southern District of Ohio, Eastern Division, at Columbus, Ohio.

8. "Priority Claim" shall mean the claim of any general creditor that is entitled to priority in payment pursuant to Section 507 and other relevant sections of the United States Bankruptcy Code including, but not limited to, the professional fees as defined herein, when entitlement to priority treatment of the claim is established on its' face.

9. "Professional fees" shall mean any fees or costs allowed by this Court and that are payable to a person pursuant to order of this Court after proper application, including attorney fees of the debtor's attorney in accordance with 11 U.S.C. §503(b)(4) and 11 U.S.C. §330.

10. "Claim" is a right to payment, whether or not such right is reduced to judgment, whether it is liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, secured or unsecured, which right arose or accrued prior to the date of confirmation. No claim that would otherwise be a claim shall be treated as a claim by this Plan unless the claim is filed with the Court on or before the bar date and is therefore properly perfected by the creditor.

11. As set forth above, an "allowed claim" shall be a claim that has been filed with the Bankruptcy Court in a timely fashion and before the bar date and to which no objection to its allowance has been filed within the time period fixed by the Bankruptcy Court. Allowed claims shall only include claims which are properly perfected and ordered to be paid by the court. No claim shall be an allowed claim unless it is timely filed so that the rights of the creditor are properly set forth and perfected.

12. "Operating expenses" shall mean all costs associated with producing income by the debtor as is set forth in the Bankruptcy Code and debtor's Chapter 12 Plan of Reorganization. Operating expenses, however, shall include all necessary repair, replacement costs, and reasonable allowances for the business expenses and future business expenses of the debtor.

13. "Disposable income" means all income received by the debtor annually after deducting from gross income all operating expenses, approved living expenses, Chapter 12 Plan payments, and other payments called for by the terms of this Plan of Reorganization, whether such payments are made through the Trustee or paid directly.

14. "Trustee" shall mean the entity appointed to serve in this case pursuant to 11 U.S.C. §1202. Frank M. Pees is the standing trustee for Chapter 12 cases in the Southern District of Ohio, Eastern Division, at Columbus, Ohio, and shall be the trustee at the inception of this case and so long as he continues to serve in that capacity.

## ARTICLE II
## SUBMISSION OF DEBTOR'S PROJECTED DISPOSABLE INCOME

As is required by the United States Bankruptcy Code for Chapter 12 cases, the future earnings of the debtor during the life of this Plan are submitted to the supervision and control of the Trustee as is necessary for the execution of the Plan. The debtor's projected earnings are attached hereto as "Exhibit A". Additionally, all of the debtor's disposable income will be applied to make payments under the Plan pursuant to 11 U.S.C. §1225(b)(1)(C) and 11 U.S.C. §1225(b)(2)(A) and §1225(b)(2)(B).

## ARTICLE III
## CLASSIFICATION OF CLAIMS AND INTERESTS

1. **Priority Claims**. Priority claims as specified under 11 U.S.C. §507 shall be paid on a monthly basis after confirmation, as permitted by 11 U.S.C. §1222(a)(2)(A).

2. **Secured Claims**. Secured claims shall be paid through this Plan in a manner permitted and allowed by the United States Bankruptcy Code. Secured claims shall be those which existed as of the date of filing of this petition and which are finally allowed or approved by the Court. Each shall receive treatment whereby it receives payment equal to the collateral that secures the repayment of its claim. Each secured claim will be addressed hereinafter. Pursuant to this Plan, no creditor, whether secured or unsecured, shall be entitled to payment unless the creditor properly files a timely and perfected proof of claim form. Secured creditors who fail to file a timely Proof of Claim shall release and cancel their lien of record upon discharge of Debtor.

3. **Unsecured Claims**. Unsecured claims will be paid in accordance with the United States Bankruptcy Code. Unsecured creditors shall be paid a dividend of **1%**. Any and all unsecured claims filed and perfected on or before the bar date shall share in the treatment set forth hereinafter for unsecured claims. No unsecured creditor, even if listed on the petition, will be paid in the absence of a timely perfected claim through the filing of a claim with the Bankruptcy Court.

4. **Administrative Claims**. Expenses of administration shall be paid in the case to the extent permitted by confirmation of the Plan by the United States Bankruptcy Court, or other Order of this Court. Those administrative claims shall include, but shall not be limited to, trustee compensation, attorney fees of the debtor and court costs.

## ARTICLE IV
## HISTORY OF THE CASE

Ronald Lewis Madden has been a farmer for all of his adult life, having been engaged in farming for thirty-three (33) years at his farming operation. His operation consists of farming approximately 128 acres of family owned land and an additional approximately 600 acres of leased land. His farming operation consists of raising and harvesting grain and hay. The debtor believes his farming income will produce a sufficient amount of regular and dependable income such that the payments called for under the terms of the Plan will be made.

It is unlikely that the debtor would have needed to file for Bankruptcy protection except for the default on the second mortgage obligation securing all of Debtor's farming assets and his residence, and the attendant threat of repossession of assets and seizure of the crop proceeds used in financing and conducting the farming operation. Repossession of equipment and seizure of assets would have prevented his ability to generate income through farming and result in the loss of the farm. Debtor and counsel believe that through an orderly and systematic reorganization, creditors will be paid, the debtor will retain his assets and equipment, and his farming operation will be able to succeed financially.

## ARTICLE V
## PRIORITY CLAIMS

Priority claims under 11 U.S.C. §507 shall be paid monthly after confirmation. At the time of filing of the Petition, Debtor listed the following priority claims in the Schedules:

**Internal Revenue Service.** The Internal Revenue Service has assessed federal withholding taxes (FICA) due in the amount of $378.50 for the tax year ending December 31, 2015. This portion of the claim shall be allowed in its entirety and shall be paid through the Plan as a priority unsecured claim.

The Proof of Claim also includes federal withholding taxes (FICA) for the tax years 2016 and 2017 in the total amount of $15,908.04. Debtor had no employees during the tax years 2016 and 2017, and did not withhold taxes, nor is he responsible for withholding taxes. The remainder of the Proof Claim includes federal withholding taxes (FICA and FUTA) for the tax years 2011-2013, which Debtor also disputes as he had no employees during this period. These portions of the Proof of Claim shall not be paid except by separate Order, and shall be discharged upon completion of payments under the Plan.

**Ohio Bureau of Workers Compensation**. The Ohio Bureau of Workers Compensation asserted a claim for alleged unpaid premiums due in the amount of $1,188.02. Debtor disputes this claim in its entirety and evidence has been provided to the creditor that no unpaid premiums are owed by the Debtor. The Proof of Claim of the Ohio Bureau of Workers Compensation shall not be paid except by separate Court Order, and shall be discharged upon completion of payments under the Plan. Any credits remaining in the DIP account shall be immediately refunded to Debtor.

**The Ohio Department of Taxation.** The Ohio Department of Taxation has filed a Proof of Claim alleging withholding taxes due for the tax year 2014. Debtor disputes this claim as Debtor reports no employees in the 2014 tax year. This Proof of Claim shall not be paid except by separate Order of this Court, and shall be discharged upon completion of payments under the Plan in accordance with 11 U.S.C. §1222(a)(2)(A).

## ARTICLE VI
## SECURED CLAIMS

**The Community Bank**. The Debtor has 3 secured claims with The Community Bank listed in his schedules, which shall be paid as follows:

1. The Community Bank is the first mortgage holder relating to Debtor's residence and farm land, located at 7999 Norfield Road, Zanesville, Ohio, with an appraised value of $697,600.00. Debtor owes The Community Bank $390,230.53 on the first mortgage claim. Debtor shall tender one final regularly scheduled semi-annual payment directly to The Community Bank on August 21, 2017 in the amount of $11,161.41, covering the period from February-August 2017. Debtor shall commence monthly payments directly to The Community Bank, in the amount of $3,067.83 per month beginning September 21, 2017, for the duration of the Plan, which represents 1/12 of the total annual payment due under the terms of the note.

    On the date of filing, Debtor was in arrears on the first mortgage, in the amount of $27,108.12, representing the February 20176 regularly scheduled payment due under the terms of the note. Said arrearage shall be paid in full through the Chapter 12 Trustee, without interest, during the plan term. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect. All payments to this creditor on the mortgage arrearage claim shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

2. The Community Bank holds a blanket lien on the following pieces of equipment currently in Debtor's possession: International 475 18ft Tandem Disc, Stoltzfus TV20H8D T/A 16000lb Fertilizer Spreader, 2012 Willmar Super 800 Fertilizer Spreader, GEHL MS1315 T/A 1620 Gallon Manure Spreader, Bush Hog 2715L 15ft Rotary Mower, John Deere 328 Square Baler, Kuhn GA4221GTH 12ft Hay Rake, Kuhn GA4221GTH 12ft Hay Rake, Maxilator Accumagrapple Bale Grapple Hay Equipment, Stoltzfus BM10 10 Bale Mover Bale Mover, EZ Trail 510 500+/- Bushel S/A Grain Cart, J&M 250+7 275 +/- Bushel T/A Grain Wagon, Westfield MK100-61 Mechanical Swing Grain Auger, Farm All Super C Tractor, 1986 Case IH 1660 4x4 Combine, Case IH 863 30in 6 Row Corn Header, 1997 Great Plains 1500-2203-03 15ft Double Disc No Till Drill, 1998 Homemade 22' Gooseneck Trailer, 1997 Moritz 25' Gooseneck Trailer, 2010 Homemade 18' Gooseneck Trailer, 2001 Appalachian Dump Trailer, 1990 Livestock Trailer, miscellaneous tools, Rock Box Scraper, Chemical Inductor, 2 Kinsey Corn Planters, John Deere Gator Utility Vehicle, John Deere 6 Row Corn Planter, Iutall Tractor - Super C, Century Sprayer, Kiwi Chisel Plan, 5 Fiberglass Tanks (2 are broken), 2 1000 Gallon Tanks, 475 Gallon Tank, 275 Gallon Tank, 2 Nurse Tanks, Honda 5hp Pump, Honda 5hp Pump, Chemical Pump (inoperable), Chemical Inductor, and Pressure Washer, which Debtor values at a combined total of $86,075.00 based upon the current condition of each piece of equipment; and a blanket lien on the following pieces of equipment no longer in Debtor's possession: Kuhn Mower, Iutal 720 Corn Chopper, Cosmo Fertilizer Spreader & Roundabout Bale Wrapper, Skid Steer, Grain Elevator, Picker, Harron 24', New Holland Mower, International 1086 Tractor, and Blade 3 port 7' – broken, which Debtor values at a combined total of $28,600.00 based upon the value received upon sale of each item, for a total value of all equipment in the amount of $114,675.00.  The debtor owes The Community Bank $158,548.41 on said claim number 10.  Community Bank shall be paid as secured to the value of $60,000.00 on claim number 10, with interest at a rate of 4% or the contract rate, whichever is lower, during the five-year Plan, and the remaining balance, in the amount of $98,548.41, shall be deemed wholly unsecured and paid pro-rata with the other unsecured non-priority creditors in the Plan, and will be discharged upon completion of

payments by the Debtor under the plan term. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the secured claim has been paid in full through the Plan, at which time the creditor shall release its liens of record. Creditor's lien is fixed as of the date of filing and shall not include a continuing lien on future equipment acquired by Debtor. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

3. The Community Bank is the holder of a second mortgage/blanket lien secured by the debtor's residence and farm located at 7999 Norfield Road, Zanesville, Ohio, and by the Debtor's 2016 harvest, harvested and unharvested, sold and unsold, and crop insurance proceeds, past and future. Community is also the holder of a consensual continuing lien on Debtor's 2017 and 2018 harvests, by agreement, in an unknown amount. Debtor owes The Community Bank $785,278.91 on claim number 10. Community Bank shall be paid as secured to the sum of $776,000.00 on claim number 10. The balance due thereon, in the amount of $9,278.91, shall be deemed wholly unsecured and paid pro-rata with the other unsecured non-priority creditors in the Plan, and discharged upon completion of payments under the plan term. The secured portion of the claim shall be amortized over a period of 8 years with interest thereon at the rate of 4.0% per annum, or the contract rate, whichever is lower, and shall be paid by annual payments made by the Trustee to Community Bank in the minimum amount $9,000.00 each, commencing December 1, 2017, during the 5 year plan term. Upon discharge of Debtor after completion of the five year plan term, Debtor shall commence annual payments directly on to the Community Bank on the unpaid balance due, and the claim shall mature and be paid in full by a balloon payment which shall be due and payable on or before April 14, 2025. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the secured claim has been paid in full through the Plan, at which time the creditor shall release its liens of record. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

**John Deere Financial.** By agreement of the parties, John Deere Financial shall be entitled to attorney's fees under 11 U.S.C. §506(b) in the amount of $2,500.00.

The Debtor has 4 secured claims with John Deere Financial listed in his schedules, which shall be paid as follows:

1. John Deere Financial is the holder of a secured agreement relating to the 2014 John Deere Hydra Swing Mower Conditioner, which Debtor values at $15,500.00 based upon its current condition. The debtor owes John Deere Financial $15,896.77 on the claim, which shall be paid as fully secured, with interest at a rate of 4%, over the five-year Plan. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the claim has been paid in full through the Plan, at which time the creditor shall release its lien of record. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

2. John Deere Financial is the holder of a secured agreement relating to the 2012 John Deere Round Baler, which Debtor values at $15,000.00 based upon its current condition. The debtor owes John Deere Financial $5,547.92 on the claim, which shall be paid as fully secured, with interest at a rate of 4%, over the five-year Plan. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the claim has been paid in full through the Plan, at which time the creditor shall release its lien of record. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

3. John Deere Financial is the holder of a secured agreement relating to the 2014 Frontier Hay Tedder, which Debtor values at $6,000.00 based upon its current condition. The debtor owes John Deere Financial $7,212.25 on the claim. The Debtor shall surrender the equipment to the secured creditor, and any remaining deficiency balance due on the claim shall be paid pro-rata with the other unsecured non-priority creditors. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

4. John Deere Financial is the holder of a secured agreement relating to the 2014 John Deere 6115 Utility Tractor, which Debtor values at $57,800.00, the John Deere 6105 Tractor,

which Debtor values at $57,800.00, the Floating Pallet Fork, which Debtor values at $300.00, and the 2 Tine Spears, which Debtor values at $300.00 each, based upon their current condition. The debtor owes John Deere Financial $127,413.82 on the claim, which shall be paid as fully secured, with interest at a rate of 4%, over the five-year Plan. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the claim has been paid in full through the Plan, at which time the creditor shall release its lien of record. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

**Commodity Credit Corp.** The Debtor has 1 secured claim with Commodity Credit Corp, which is secured by the insurance proceeds from fire destruction of a grain dryer. The scheduled value of the insurance proceeds is $29,436.00. Debtor owes Commodity Credit Corp. $29,741.14 on the claim, which shall be paid as fully secured, with interest at a rate of 2%, over the five-year Plan. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the claim has been paid in full through the Plan, at which time the creditor shall release its liens of record. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

**Century National Bank.** The Debtor has 1 secured claim with Century National Bank, which is secured by the 2006 Dodge Ram 3500 Laramie and 2000 International 4900 Truck. The scheduled value for the 2006 Dodge Ram 3500 Laramie is $10,000.00, and the scheduled value for the 2000 International 4900 Truck is $13,700.00, based upon each vehicle's current mileage and condition. The debtor owes Century National Bank $13,143.50 on the claim, which shall be paid as fully secured, with interest at a rate of 4%, over the five-year Plan. Except as specifically modified by this Plan, all other terms and conditions of this contract shall remain in full force and effect, and the creditor shall retain its lien until the claim has been paid in full through the Plan, at which time the creditor shall release its liens of record. All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

**CLAAS Financial Services.** The Debtor has 1 secured claim with CLAAS Financial Services, which is securing a 12 Row Corn Header and 30 Foot Header Transport. The scheduled value for the 12 Row Corn Header is $23,000.00, and the scheduled value for the 30 Foot Header Transport is

$3,800.00, based upon the current condition of each piece of equipment.  The debtor owes CLAAS Financial Services $67,454.74 on the claim.  The Debtor shall surrender both pieces of equipment to the secured creditor, and any remaining deficiency balance due on the claim shall be paid pro-rata with the other unsecured non-priority creditors.  All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

## ARTICLE VII
## REJECTED EXECUTORY CONTRACTS

The debtor is currently leasing the 2015 John Deere 615O Utility Tractor, which Debtor values at $75,800.00 based upon its current condition.  The debtor rejects the lease agreement and shall surrender the equipment to the lien holder.  The remaining deficiency balance due on the claim in the amount of $15,425.90 shall be paid pro-rata with the other unsecured non-priority creditors.  All payments to this creditor shall be paid through the Trustee and shall be subject to the Trustee's fee or compensation pursuant to its annual order of trustee fees.

## ARTICLE VIII
## NON-PRIORITY UNSECURED CLAIMS

The debtor shall pay claims in this class in five (5) annual payments in an amount to be determined upon the completion of the filing of any claims relating to these unsecured debts. Unsecured creditors shall receive a dividend of **1%**.  Upon receipt by the Chapter 12 Trustee of the annual unsecured payment, the Trustee shall first subtract from the gross amount the Trustee fee or compensation as set by his annual compensation order and then shall distribute the balance on a pro rata basis to the unsecured creditors who have perfected their claims.

## ARTICLE IX
## PAYMENTS TO AND THROUGH THE CHAPTER 12 TRUSTEE

The debtor proposes to pay any priority and non-priority unsecured claims that are determined to exist through the Chapter 12 Trustee's office.  The debtor proposes to pay any payments due and payable under the terms of this Plan to Century National Bank, CLAAS Financial Services,

Commodity Credit Corp., John Deere Financial, and The Community Bank through the Chapter 12 Trustee's office, except as otherwise provided herein.

## ARTICLE X
## ATTORNEY COMPENSATION

Professional fees shall mean any fees or costs allowed by this Court and that are payable to a person pursuant to order of this Court after proper application, including attorney fees of the debtor's attorney in accordance with 11 U.S.C. §503(b)(4) and 11 U.S.C. §330. The Debtor has paid $4,000.00 of attorney fees, which are estimated to exceed $20,000.00 over the duration of the Plan.

## ARTICLE XI
## DISPOSABLE INCOME

The debtor shall prepare and present to the Chapter 12 Trustee on an annual basis a disposable income report showing whether pursuant to the provisions of Chapter 12 additional disposable income payments are due. Upon the preparation and filing of the disposable income reports for each of the five years, and upon payment of the amount set forth by the disposable income report, the statutory provisions relating to disposable income shall be deemed to have been met.

The debtor shall make monthly Plan payments to the Chapter 12 Trustee, as follows:

**$1,350.00** per month commencing **May 14, 2017 – September 14, 2017**

**$22,500.00** per month from **October 14, 2017 – January 14, 2018** (from crop proceeds)

**$1,350.00** per month **February 14, 2018 – September 14, 2018**

**$22,500.00** per month from **October 14, 2018 – January 14, 2019** (from crop proceeds)

**$1,350.00** per month **February 14, 2019 – September 14, 2019**

**$22,500.00** per month from **October 14, 2019 – January 14, 2020** (from crop proceeds)

**$1,350.00** per month **February 14, 2020 – September 14, 2020**

**$22,500.00** per month from **October 14, 2020 – January 14, 2021** (from crop proceeds)

**$1,350.00** per month **February 14, 2021 – September 14, 2021**

**$22,500.00** per month from **October 14, 2021 – January 14, 2022** (from crop proceeds)

**$1,350.00** per month **February 14, 2022 – April 14, 2022**

## ARTICLE XII
## LIQUIDATION ANALYSIS

Examination of the debtor's assets, income and expenses shows that secured creditors are receiving, under the terms of this plan, an amount equal to the amount they each would receive in the event of a liquidation based on the market values as scheduled by the debtor, and taking into account the costs of liquidation and existing market conditions.  Unsecured creditors shall receive a dividend of **1%**.

## ARTICLE XIII
## LIEN RETENTION

Each secured creditor shall retain its lien, its priority, and its collateral protection and perfection without the necessity of refiling or re-perfecting such security interest, other than as provided herein.

## ARTICLE XIV
## LENGTH OF PLAN

In accordance with 11 U.S.C. §1222(C), this Plan shall be for a period of five years; however, payments to creditors may extend beyond the plan term, as permitted by the Code and as set forth herein.

## ARTICLE XV
## ADEQUATE PROTECTION

The debtor will not be providing any separate adequate protection payments other than are provided through scheduled Plan payments.

## ARTICLE XVI
## DEFAULTS AND THE CURING OF DEFAULTS

All defaults or arrearages previously existing within any creditor's classification shall be treated as cured upon and under the terms of this Plan if the Plan is confirmed, completed, and a discharge is received.

## ARTICLE XVII
## JURISDICTION OF THE COURT

The Court will retain jurisdiction until this Plan has been fully consummated for at least the following purposes:

1. The classification of the claims of any creditors and the re-examination of the claims which have been allowed for the purposes set forth in Chapter 12 of the United States Bankruptcy Code.
2. To determine any and all questions and disputes regarding title to assets of any causes of actions, controversies, disputes, or conflicts relating to such assets.
3. To correct any defect, to cure any omission, or to reconcile any inconsistencies in this Plan or in the Order of Confirmation as may be necessary to carry out the purposes and intent of this Plan.
4. To consider any modifications of the Plan after confirmation pursuant to Bankruptcy Rules or the United States Bankruptcy Code.
5. To enforce and interpret the terms and conditions of this Plan.
6. To conclude this Plan by the entry of an Order which terminates the case and grants the debtor a discharge.

## ARTICLE XVIII
## FEASIBILITY OF THE PLAN

The debtor's projections relating to income and expense for his first year of operation are attached to this Plan as "Exhibit A". As such, the debtor believes that the Plan is feasible.

## ARTICLE XIX
## GENERAL PROVISIONS

Debtor will be able to make all payments under the Plan and to comply with the Plan. Upon the effective date of this Plan, the property of the estate shall revest in Debtor pursuant to 11 U.S.C. §1227(b) and the Automatic Stay granted pursuant to 11 U.S.C. §362 shall remain in full force and effect until further Order of this Court. This Court shall retain jurisdiction over proceedings relative to this Chapter 12 case.

## ARTICLE XX
## FINAL ARTICLE

At the conclusion of this five-year Plan, each unsecured creditor shall be deemed paid in full and the debtor shall receive a discharge of the debt. Except as specifically otherwise provided for or modified by this Plan, or other orders of this Court, all other terms and conditions of long term secured claims shall remain in full force and effect and the secured creditors shall retain their liens.

                Respectfully submitted,

                /s/ Crystal I. Zellar
                Crystal I. Zellar (#0038785)
                Shelley E. Hibburt (#0091736)
                **Zellar & Zellar, Attorneys at Law, Inc.**
                720 Market Street
                Zanesville, Ohio 43701
                Telephone: (740) 452-8439
                Facsimile: (740) 450-8499
                mail@ZellarLaw.com
                Counsel for Debtor

APPROVED:


/s/ Ronald Lewis Madden       8/28/2017
**Ronald Lewis Madden**, Debtor    Date

# Exhibit A

Annual Income and Expense Projection for farm operation

| | |
|---|---:|
| Bank Service Charges | $ 140.00 |
| Transportation | $ 8,190.00 |
| Chemicals | $ 8,300.00 |
| Crop Insurance | $21,389.00 |
| Fertilizer | $10,819.00 |
| Fuel | $18,070.00 |
| Insurance | $ 7,500.00 |
| Labor | $45,230.00 |
| Meals | $ 162.00 |
| Telephone/Utilities | $ 4,700.00 |
| Legal/Accounting/Professional Fees | $ 1,798.00 |
| Land Leases | $49,200.00 |
| Equipment Repairs / Maintenance | $11,415.00 |
| Seed/Plants | $24,087.00 |
| Supplies | $ 2,922.00 |
| Income Taxes | $ 195.00 |
| TOTAL | $214,117.00 |

Gross Projected Annual Income:        $371,907.00
Projected Annual Operating Expenses:  -$214,117.00
                                       $157,790.00 Net Projected Annual Income*

**\* No significant changes are anticipated over the next four years**

## **NOTICE AND CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Third Amended Chapter 12 Plan** was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on **August 28, 2017** addressed to:

Ronald Madden
7999 Norfield Rd
Zanesville OH 43701

The Community Bank
c/o Adam T. Barclay, Esq.
(electronic service)

John Deere Financial
c/o Douglas J. Segerman, Esq.
(electronic service)

*as and for NOTICE* that the attached request for relief would be filed. The undersigned will present to the Court a proposed order granting the relief sought, unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for hearing is filed with the Court and served on the undersigned.

   /s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtor

```
Label Matrix for local noticing          Bethany Hamilton                          AGCO Finance LLC
0648-2                                    United States Attorney's Office          PO Box 2000
Case 2:17-bk-52333                        303 Marconi Blvd.                        Johnston, IA 50131-0020
Southern District of Ohio                 Suite 200
Columbus                                  Columbus, OH 43215-2326
Tue Aug 29 09:36:32 EDT 2017

Allen & Baughman                          Asst US Trustee (Col)                    BGT Inc
58 N 5th St  #102                         Office of the US Trustee                 323 Pleasant Grove Rd
Zanesville OH 43701-3527                  170 North High Street                    Zanesville OH 43701-3934
                                          Suite 200
                                          Columbus, OH 43215-2417


Adam T Barclay                            Bennett Woerner                          CLAAS Financial Services
58 N. 5th Street                          2295 Adamsville Rd                       475 Sansome St  19th Fl
Suite 102                                 Zanesville OH 43701-8539                 San Francisco CA 94111-3172
Zanesville, OH 43701-3527



Carol Maples                              Century National Bank                    (p)CHOICE RECOVERY INC
6980 Norfield Rd                          a division of Park National Bank         1550 OLD HENDERSON ROAD
Zanesville OH 43701-9321                  14 S Fifth St                            STE 100
                                          Zanesville OH 43701-3517                 COLUMBUS OH 43220-3662



Cit of Zanesville Ohio                    Clifford and Janet Gierke                Commodity Credit Corp
Room 106  Municipal Bldg                  7840 Adamsville Rd                       US Department of Agriculture
401 Market St                             Adamsville OH 43802-9766                 Farm Service Agency
Zanesville OH 43701-3520                                                           1400 Independence Ave
                                                                                   SW STOP 0506
                                                                                   Washington, DC 20250-0002

David Hill Inc.                           David and Deborah Shinn                  David and Debra Blackstone
PO Box 247                                5475 French Rd                           8250 Norfield Rd
Byesville, OH 43723-0247                  Adamsville OH 43802-9752                 Zanesville OH 43701-9304




Deere & Company                           Deere Credit, Inc.                       Erin Marie Dooley
PO Box 6600                               PO Box 6600                              The Law Office of Charles Mifsud, LLC
Johnston, IA 50131-6600                   Johnston, IA 50131-6600                  6305 Emerald Parkway
                                                                                   Dublin, OH 43016-3241



Genesis Emergency Physicians              (p)INTERNAL REVENUE SERVICE              Internal Revenue Service
PO Box 2080                               CENTRALIZED INSOLVENCY OPERATIONS        PO Box 7346
Kilmarnock VA 22482-2080                  PO BOX 7346                              Philadelphia PA 19101-7346
                                          PHILADELPHIA PA 19101-7346



John Deere Financial                      John Deere Financial, f.s.b.             Keith D Weiner & Associates
Customer Service                          PO Box 6600                              75 Public Square  4th Floor
PO Box 5327                               Johnston, IA 50131-6600                  Cleveland OH 44113-2001
Madison WI 53705-0327



Ronald Lewis Madden                       Monsanto                                 (p)OHIO BUREAU OF WORKERS COMPENSATION
7999 Norfield Rd                          c/o D&S LTD                              LAW SECTION BANKRUPTCY UNIT
Zanesville, OH 43701-8108                 13809 Research Blvd  #800                P O BOX 15567
                                          Austin TX 78750-1211                     COLUMBUS OH 43215-0567
```

| | | |
|---|---|---|
| Ohio Bureau of Workers Compensation<br>Ohio Attorney General<br>Collections Enforcement Section/BK Unit<br>150 East Gay St 21st Fl<br>Columbus OH 43215-3191 | Ohio CAT<br>3993 E Royalton Rd<br>Broadview Heights OH 44147-2929 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216-0530 |
| PHI Financial Services<br>PO Box 733260<br>Dallas TX 75373-3260 | Frank M Pees<br>130 East Wilson Bridge Road<br>Suite 200<br>Worthington, OH 43085-2391 | Rod Penn<br>2240 Adamsville Rd<br>Zanesville, OH 43701-9533 |
| Scott Davis<br>1015 Arch Hill Rd<br>Zanesville OH 43701-8765 | Douglas J Segerman<br>Anspach Meeks Ellenberger, LLP<br>175 South Third Street<br>Suite 285<br>Columbus, OH 43215-5188 | The Community Bank<br>113 N Fifth St<br>Zanesville OH 43701-3533 |
| Tim Honkins<br>4472 Sugar Grove Rd<br>Cambridge OH 43725-9793 | US Attorney<br>303 Marconi Blvd #200<br>Columbus OH 43215-2326 | US Attorney General<br>Main Justice Building Room 5111<br>10th & Constitution Avenue NW<br>Washington DC 20530-0001 |
| US Department of Agriculture<br>Farm Service Agency<br>1400 Independence Ave SW<br>STOP 0506<br>Washington DC 20250-0506 | US Department of Agriculture<br>Farm Service Agency<br>225 Underwood Street<br>Zanesville OH 43701-3783 | Jill A Whitworth<br>30 W Spring St<br>25th Floor<br>Columbus, OH 43215-2241 |
| Crystal I Zellar<br>Zellar & Zellar, Attorneys at Law, Inc.<br>720 Market St<br>Zanesville, OH 43701-3716 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Choice Recovery<br>1550 Old Henderson Rd #100<br>Columbus OH 43220-3662 | Internal Revenue Service<br>550 Main Street<br>Room 3525<br>Cincinnati, OH 45202 | Ohio Bureau of Workers Compensation<br>Attn: Law Section Bankruptcy Unit<br>PO Box 15567<br>Columbus OH 43215-0567 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Deere & Company | (u)Deere Credit Inc | (d)John Deere Financial<br>Customer Service<br>PO Box 5327<br>Madison, WI 53705-0327 |

(u)Ohio Bureau of Workers' Compensation        (u)Rod Penn                          (d)Scott Davis
                                                                                    1015 Arch Hill Rd
                                                                                    Zanesville, OH 43701-8765


(u)The Community Bank                          End of Label Matrix
                                               Mailable recipients    45
                                               Bypassed recipients     7
                                               Total                  52

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: :
    **Ronald Lewis Madden,**

                                                :         Case No.  17-52333
                                                             Chapter 12
    Debtor.                                :         Judge Caldwell

**NOTICE OF FILING OF THIRD AMENDED CHAPTER 12 PLAN**

Debtor has filed papers with the Court to amend the proposed Chapter 12 Plan.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by ordinary U.S. Mail to:  US Bankruptcy Court, Clerk's Office, 170 North High Street, Columbus, Ohio 43215, OR, your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) ordinary U.S. Mail to:
    US Trustee - ustpregion09.cb.ecf@usdoj.gov
    Chapter 12 Trustee - trustee@ch13.org
    Crystal I. Zellar, Esq. & Shelley E. Hibburt, Esq. - mail@zellarlaw.com
    Ronald Madden, 7999 Norfield Rd, Zanesville OH  43701

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.

Date:  August 28, 2017                              /s/  Crystal I. Zellar
                                                                                Crystal I. Zellar (#0038785)
                                                                                Shelley E. Hibburt  (#0091736)
                                                                                **Zellar & Zellar, Attorneys at Law, Inc.**
                                                                                720 Market Street
                                                                                Zanesville, Ohio  43701
                                                                                Telephone:  (740) 452-8439
                                                                                Facsimile:  (740) 450-8499
                                                                                mail@ZellarLaw.com
                                                                                Counsel for Debtor